IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KENNY COFFEY
ADC #86434                                                                                    PLAINTIFF

V.                        CASE NO. 3:14-CV-00292 JM/BD

RAY HOBBS, et al.                                                                          DEFENDANTS

RECOMMENDED DISPOSITION

I. **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail all objections to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

II. **Discussion:**

Kenny Coffey, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se alleging that Defendants acted with deliberate indifference to his serious

medical needs. (Docket entry #2) His original complaint was over one-hundred pages long, including attachments. In that complaint, Mr. Coffey described conduct that occurred at two different ADC facilities and named seventeen Defendants.

The complaint violated Federal Rule of Civil Procedure 8(a) and (e), which requires that a complaint contain a "short and plain statement" showing that the plaintiff is entitled to relief. It further requires that the averments set forth be "simple, concise, and direct." *Trobaugh v. Hyatt*, Case No. 04-2243, 2005 WL 775396 (8th Cir. April 7, 2005) (unpublished opinion) (explaining that *pro se* inmates must comply with the pleading requirements set forth in Fed. R. Civ. P. 8(a) and (e)); *Chandler v. Pogue*, Case No. 02-2793, 2003 WL 943750 (8th Cir. March 11, 2003) (unpublished opinion) (holding that a trial court did not abuse its discretion when it dismissed a *pro se* inmate's complaint for failing to comply with Fed. R. Civ. P. 8).

Mr. Coffey was instructed to amend his complaint. (#4) He then submitted an amended complaint. (#5) Unfortunately, Mr. Coffey's amended complaint did not cure the defects contained in his original complaint. His amended complaint, like his original complaint, contained a lengthy narrative detailing his need for medical treatment and medication. He did not state how each named Defendant violated his constitutional rights.

Nonetheless, the Court provided Mr. Coffey one more opportunity to amend his complaint. The Court again instructed Mr. Coffey to briefly explain how each individual

ignored his medical needs or his need for medication.  Mr. Coffey was cautioned that his failure to comply with the Court's order could result in the dismissal of some or all of his constitutional claims.

Mr. Coffey has now submitted a second amended complaint.  Again, he has failed to cure the defects identified in the Court's previous orders.  (#7)  In his second amended complaint, Mr. Coffey divides the Defendants into five different groups that he identifies as "facts."  He goes on to conclusively state that each of these groups of Defendants violated his constitutional rights by failing to provide him adequate medical care and causing him to suffer pain.

Unfortunately, Mr. Coffey's conclusory statements do not provide sufficient information for the Court to determine which medical claims Mr. Coffey is pursuing.  Although a complaint does not have to include detailed factual allegations, it must include enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S.Ct. at 1940.  Pro se complaints are construed liberally, but they still must include "enough facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III.     Conclusion:

The Court recommends that Mr. Coffey's claims be DISMISSED, without prejudice, this 11th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE